The document below is hereby signed.

Signed: October 22, 2009.



*/s/ S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
GARY M. PUSATERI,                  )    Case No. 09-00583
                                   )    (Chapter 13)
            Debtor.                )    Not for Publication in
                                   )    West's Bankruptcy Reporter

MEMORANDUM DECISION AND
ORDER PARTIALLY ALLOWING FEE APPLICATION

The debtor's counsel seeks $7,977.50 in fees and expenses ($7,752.50 in fees and $225.00 in expenses). The court will allow $4,500.00 in fees at this time, and defer ruling on the balance of the application until counsel has an opportunity to file an amended Rule 2016(b) statement that is consistent (or more consistent) with the fee application, and an amended fee application that discloses the expenses incurred.

I

The attorney's Rule 2016(b) statement discloses that in return for a fee of $4,500.00 he agreed "to render legal service for all aspects of the bankruptcy case," but excluding "[r]epresentation of the debtors [sic] in any dischargeability actions, judicial lien avoidances, relief from stay actions or

any other adversary proceeding." The fee application does not disclose that the attorney represented the debtor in any such excluded matters. Moreover, the Rule 2016(b) statement fails to disclose the agreed compensation ($350/hr.) for work not covered by the $4,500.00.

II

It may be that the debtor and the attorney agreed that one aspect of his work, the handling of a real estate transaction (9.92 hours[1] of work by my calculation) or $2,852.50 in fees at $350.00 per hour), was not to be covered by the $4,500.00. But the Rule 2016(b) statement does not say that.

Moreover, even if there were such an agreement and it had been disclosed, it would be inappropriate to bill all of the work at an hourly rate. Only work not covered by the $4,500.00 ought to be billed at the hourly rate.

If all of the work *was* to be billed at an hourly rate, one of the entries (1.0 hours for preparing a motion to enlarge time to file schedules) appears unreasonable because one hour exceeds the time it should take to prepare a routine motion to enlarge time.

---

[1] This assumes that by such entries as "0.30 minutes" the debtor's counsel means 30 minutes and not three tenths of a minute (and not .30 hours). The debtor's attorney's calculation of total time does not jibe with any of those interpretations.

2

III

The remaining issue is expenses.  Reimbursement of expenses is treated by the Bankruptcy Code as distinct from compensation for services in the case of professionals employed by a trustee, *see* 11 U.S.C. § 330(a)(1)(B), but in the case of counsel for a chapter 13 trustee, 11 U.S.C. § 330(a)(4)(B) permits "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case," and I will assume that such compensation for services includes compensation for incurring expenses on behalf of the debtor.

But by the same token, a disclosure under 11 U.S.C. § 327(a) and Rule 2016(b) ought to include a statement regarding any amount agreed to be paid for the service of incurring expenses on the debtor's behalf.  A chapter 13 debtor's attorney cannot have it both ways, treating expenses incurred as reimbursable as "services" under § 330(a)(4)(B) but not as "services" for purposes of § 327(a) and Rule 2016(b).  Because the Rule 2016(b) statement here is silent on the point, it must be presumed that the $4,500.00 was to cover any such expenses incurred.

Many attorneys charge a flat fee in a case which includes expenses incurred such as postage and photocopying.  If the flat fee is not to include such expenses and the debtor has agreed to pay those separately, an attorney's Rule 2016(b) statement ought to disclose that.

If, here, there was an agreement that expenses were on top of the $4,500.00, and the Rule 2016(b) statement were amended to reflect that agreeement, the application fails to provide adequate detail regarding the expenses because it only lists "Expenses: copying; postage; internet; travel" in an aggregate amount of $225.00, and lacks the detail required by Local Bankruptcy Rule 2016-2(i).

IV

In accordance with the foregoing, it is

ORDERED that the debtor's attorney's application (Dkt. No. 38) for compensation is allowed as to $4,500.00 of the amounts sought, and the chapter 13 trustee shall pay that amount as an allowed administrative claim in this case.  It is further

ORDERED that the court defers ruling on the balance of the amounts sought by the application, and within 21 days after entry of this order, the debtor's counsel shall have the opportunity, before the court makes that ruling, to file an amended Rule 2016(b) statement and an amendment to his fee application.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.