The document below is hereby signed.

Signed: November 30, 2009.



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GARY M. PUSATERI, | ) | Case No. 09-00583 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

FURTHER MEMORANDUM DECISION AND
ORDER PARTIALLY ALLOWING FEE APPLICATION

The debtor's counsel sought $7,977.50 in fees and expenses ($7,752.50 in fees and $225.00 in expenses). By a prior memorandum decision and order, I allowed $4,500.00 in fees, and deferred ruling on the balance of the application until counsel had an opportunity to file an amended Rule 2016(b) statement that was consistent (or more consistent) with the fee application, and an amended fee application that disclosed the expenses incurred.

I

The debtor's counsel has filed a response to my order in which he correctly observes that I overlooked an amended Rule 2016(b) statement that was already on file. That moots the Rule 2016(b) issue. The amended Rule 2016(b) statement discloses a $10 payment received that was not disclosed in the prior

statement.

II

Counsel also explains that tasks took longer than ordinary because the debtor had health issues that necessitated meeting with the debtor at his residence in order to prepare filings, thus adding travel time to the time spent preparing filings. That is an adequate explanation to justify his time in entry for preparing a motion to extend time as being reasonable. The time entries are all reasonable.[1]

III

The remaining issue is expenses. Reimbursement of expenses is treated by the Bankruptcy Code as distinct from compensation for services in the case of professionals employed by a trustee, see 11 U.S.C. § 330(a)(1)(B), but in the case of counsel for a chapter 13 trustee, 11 U.S.C. § 330(a)(4)(B) permits "reasonable

---

[1] In a footnote to the prior decision, I assumed "that by such entries as "0.30 minutes" the debtor's counsel means 30 minutes and not three tenths of a minute (and not .30 hours)." I stated that "[t]he debtor's attorney's calculation of total time does not jibe with any of those interpretations." Upon re-calculation, it appears that the debtor's attorney did treat such entries as "0.30 minutes" to be .30 hours. My recalculation of time when treating the entries that way does indeed arrive at the same total time of 22.15 hours as appears on the fee application. If the debtor's counsel meant such entries as "0.30 minutes" to be 30 minutes, which would be .5 hours, his treating such entries as .3 hours has under-caclulated the number of hours he spent by approximately 3.77 hours. But I will use his 22.15-hour total without prejudice to his seeking additional fees if he indeed did err in how he recorded his time. Obviously such entries as "0.30 minutes" did not mean three-tenths of a minute.

compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case," but it makes sense that such compensation for services includes compensation for incurring expenses on behalf of the debtor.  The amended Rule 2016(b) statement failed to treat expenses as not covered by counsel's hourly fee rate, but I will accept his representation that expenses were independent of the hourly rate.

Counsel's most recent filing lists the following categories of expenses:

1. Photocopying; Use of facsimile machine;

2. Use of computer services with Best Case Bankruptcy Program;

3. Use of internet services including email delivery

4. Use of cell and office telephone

5. Travel to courthouse for meeting of creditors

6. Consultation with Consumer Counseling of Atlanta to obtain pre and postcounseling sessions;

7. Obtain Consumer Liability Report—credit report information

8. Use of Office Staff working with the debtor and assembling documents and information

9. Postage/paper supplies

But the application and this most recent filing fail to provide adequate detail regarding the expenses because it only lists categories without indicating the amounts incurred for each category, and the per unit charge, as required by Local

Bankruptcy Rule 2016-1(i). Having decided to itemize expenses instead of charging a flat fee for expenses, counsel became obligated to keep accurate records of the amounts of expenses incurred in each category if he wishes to recover such expenses.

Counsel represents that "[i]n the typical case where a flat fee is charged these expense items total about $175.00 and are included along with the fees representing services," and seeks $225.00 in expenses for this atypical case. But the court cannot take judicial notice of the expenses that are included in a flat fee (because disclosures of flat fees do not include a breakdown between services and expenses).

Moreover, many of the categories listed appear to be more appropriately treated as overhead included in the attorney's hourly rate of $350.00. The following items appear to be overhead: use of internet services including email delivery; use of computer services with Best Case Bankruptcy Program (unless there was a per usage charge by Best Case Bankruptcy Program for such usage); use of cell and office telephone (unless there was a separate charge to the attorney, as in the case of long-distance calls for which the telephone company charges for each such call); use of Office Staff working with the debtor and assembling documents and information (unless the staff is paralegal staff billed at an hourly rate, but the amended Rule 2016(b) statement disclosed no hourly rate for paralegal compensation).

For all of these reasons, the expenses requested cannot be allowed. If counsel files another fee application, he may at that time, by providing adequate detail, seek reimbursement of expenses disallowed at this time.

## IV

In accordance with the foregoing, it is

ORDERED that in addition to the $4,500.00 allowed by the court's prior memorandum decision and order, the debtor's attorney's application (Dkt. No. 38) for compensation is allowed as to an additional $3,242.50 of the amounts sought, and the chapter 13 trustee shall pay that amount as an allowed administrative claim in this case. It is further

ORDERED that $10.00 of the fee application is disallowed based on the debtor's having paid $10.00 of the fees. It is further

ORDERED that the application's request for an award of $250.00 in expenses is denied without prejudice.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.